### WAGNER MFG. CO. v. CUTLER-HAMMER, Inc.

#### Civ. No. 992.

United States District Court,
S. D. Ohio, W. D.

Feb. 24, 1950.

See also D.C., 84 F.Supp. 211; 10 F.R.D. 480.

Toulmin & Toulmin, Dayton, Ohio, for plaintiff.

Paxton & Seasongood, Cincinnati, Ohio, for defendant.

NEVIN, Chief Judge.

On May 23, 1949, defendant filed a document in which it submitted sixteen interrogatories to be answered by plaintiff, asserting that the interrogatories were submitted under the authority of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

On June 2, 1949, plaintiff filed a document entitled "Plaintiff's Answers and Objections to Interrogatories Propounded by Defendant". In the document filed on June 2, 1949, plaintiff sets forth its answers to each of the interrogatories respectively, except as to the following numbered interrogatories, as to which it filed its objections either with regard to the interrogatory as a whole or as to a part thereof. That is to say, defendant objects to Interrogatory No. 6, in its entirety. Having answered Interrogatories Nos. 10, 11, 12 and 13 in part as to each respectively, it objects to answering certain other portions of these four interrogatories for the reasons and upon the grounds stated in each instance with its objection. Briefs have been filed on behalf of the respective parties, by plaintiff in support of its objections and by defendant in opposition thereto.

### I. Re: Interrogatory No. 6

In the document filed June 2, 1949, plaintiff makes the following statement with regard to Interrogatory No. 6:

"6. Plaintiff hereby objects to Interrogatory 6 on the grounds that it is irrelevant in that it seeks to elicit details of evidence and not ultimate facts, and is an unreasonable inquiry in that the preparation of a detailed answer will unreasonably annoy, oppress and harass the plaintiff and its officers and employees".

In opposing plaintiff's objections to Interrogatory No. 6, defendant asserts:

"Defendant's Interrogatory 6 merely requests the facts upon which this allegation is based, such as the persons to whom such replacement handles were allegedly shipped, the time of the shipment, whether the person was a retailer or consumer and the circumstances under which the alleged breakage occurred. * * * Plaintiff's offer to permit us to examine its records does not relieve it of the obligation under Rule 33 to give a clear and full answer to the interrogatory. Its offer is to produce several cartons of documents that apparently have been removed from their regular files. It does not appear that these documents are in chronological or coherent order, and it would be virtually impossible for defendant to determine from them the necessary facts. * * * The purpose of Rule 33 is to require the production of such evidence before trial so that the trial need not 'be carried on in the dark'. Hickman v. Taylor, 329 U.S. 495, 501 [67 S.Ct. 385, 91 L.Ed. 451]".

In response to the foregoing, plaintiff states that:

"This Interrogatory (No. 6) is comprised of five branches seeking information as to breakage of handles. This information is contained in 5,580 documents and will require the tabulation of nearly 30,000 pieces of information. Defendant's counsel have made the assumption (Page 4 Memorandum) that these documents have been removed from their regular files and that they are not in chronological or coherent order. Counsel is in error for the reason that first, these documents were never filed in their regular files of this company and were collected in separate containers for the reason that they were treated and handled as received and have been accumulated for examination by the plaintiff or defendant, and secondly they are arranged in such order that any information which defendant desires could be extracted or tabulated. * * * Plaintiff has no objection to the defendant or its representatives examining each and all of such documentary evidence and is perfectly willing to deposit with the clerk of this Court the several cardboard cartons containing such material as exhibits in this case where such documents can be examined by the defendant's representatives at their leisure. A tabulation as required by interrogatory 6 will disclose to defendant only the same information as has been furnished in this case in another form, i. e., a compilation of the number of handles broken and in what general category of breakage".

## II. Re: Interrogatories 10 and 11

With regard to Interrogatories 10 and 11, plaintiff states its objection as follows:

"Plaintiff hereby objects to Interrogatory 10 in so far as it seeks to require plaintiff to set forth the exact figures relating to gross and net profits as set forth in Interrogatory 10, on the grounds that such facts are irrelevant and constitutes an inquiry into phases of plaintiff's business and which are an unreasonable and vexatious annoyance, embarrassment and oppression of the plaintiff.

"11. Interrogatory 11 is objected to on the same grounds as stated in connection with Interrogatory 10".

## III. Re: Interrogatories 12 and 13

With and as a part of its objection to Interrogatories 12 and 13, plaintiff makes the following statement:

"Plaintiff objects to the last clause of Interrogatories 12 and 13, to-wit, 'and where shipments were made to the user, state the name and address of the user' on the grounds that they are irrelevant in that they seek to elicit details of evidence and not ultimate facts and is an unreasonable inquiry in that the preparation of a detailed answer would unreasonably and vexatiously annoy, oppress and harass the plaintiff. As stated in its Memorandum in Support of its Objections to Interrogatory

6, and the last clauses of 12 and 13, plaintiff has no objection to filing the approximately five thousand five hundred eighty-six (5,586) pieces of documentary evidence relating to the replacement of Thermoplax handles in order that the defendant or its representatives may examine such papers".

With respect to the four foregoing Interrogatories, to-wit: Interrogatories 10-11 and 12-13 plaintiff, in its brief, submits that:

"Interrogatories 10 and 11 seek a disclosure of the gross profits and net profits and all other charges reflected on plaintiff's books which are intimate and confidential information concerning its business. The disclosure of this information would impose upon plaintiff, an onerous, vexatious and extremely damaging disclosure of information to be spread upon the records of this Court where it would be available to plaintiff's competitors in a fiercely competitive line of business and would result in disclosing information from which costs of doing business and profits by which competitors would be able to determine margins of selling prices of plaintiff's goods that would seriously affect plaintiff's business. * * * Taking Interrogatories 10 and 11 together, it may be said that they request the disclosure of information of all the financial aspects of plaintiff's business. These interrogatories are too broad and sweeping and thus require the furnishing of information which has no relevance to any matter bearing on the claimed breach of its contract by the defendant. * * * Plaintiff has in its answers to Interrogatories 7 and 8, disclosed its dollar and unit volume of the sales of its utensils. In its Complaint, it has set forth the approximate figures of its claimed damages. * * * No further comment need be made as to Interrogatories Nos. 12 and 13. The discussion as to Interrogatory 6 in support of the objections is applicable".

Numerous authorities are cited by counsel for the respective parties in support of their contentions. In the view of the court, no useful purpose would be served in a discussion or analysis of the cases cited. As is usual, while general principles may be laid down, each given case must, to some extent at least, be determined upon the record presented.

Upon a consideration of all the information now in the possession of defendant as set out in the pleadings and in the answers already given to such interrogatories as have been answered, and in view of the fact that plaintiff (as above set forth) has no objection to defendant or its representatives examining all the documentary evidence about which defendant inquires, the court is of the opinion and so finds that plaintiff's objections to Interrogatories Nos. 6, 10, 11, 12 and 13 are well taken and that they should be, and they are, sustained. Inasmuch as defendant can now examine the documentary evidence to which it refers, it does not seem that it will be required to proceed with the trial "in the dark". Plaintiff's objections to Interrogatories 6, 10, 11, 12 and 13 are sustained and plaintiff need not answer such interrogatories.

Counsel may prepare and submit an order accordingly.